NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0827n.06

No. 11-6375

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 01, 2012*

LEONARD GREEN, Clerk

HARVEY GENE CREGGETT,                      )
                                           )
    Plaintiff-Appellant,               )     On Appeal from the United States
                                           )     District Court for the Western
v.                                         )     District of Kentucky
                                           )
JEFFERSON COUNTY BOARD OF EDUCATION,       )
                                           )
    Defendant-Appellee.                )

Before:      BOGGS and MCKEAGUE, Circuit Judges; and WATSON, District Judge.[*]

        BOGGS, Circuit Judge.   Harvey Creggett, a high-school social-studies teacher

employed in Jefferson County, sued his employer for unlawful discrimination, retaliation, hostile

work environment, and intentional infliction of emotional distress.  Creggett now appeals the grant

of summary judgment for the defendant.  We affirm the judgment of the district court.

I

        Creggett is an African-American male, and was 58 when he filed suit.  Creggett complained

that he was being subjected to excessive classroom observations; accused of lying by his principal,

regarding a discipline report stating that a student had called him a racial slur; forced to resign from

the Fairdale School-Based Decision-Making Committee; received a harsher punishment than two

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District
of Ohio, sitting by designation.

female teachers for a similar breach of the school's confidentiality policy; and denied professional training that other teachers were given.

In 2007, Creggett submitted an internal grievance letter to the Jefferson County Board of Education, which found his claims "unsubstantiated." He also filed a charge of race and age discrimination and retaliation with the Kentucky Commission on Human Rights, which also sent the charge to the EEOC. The Commission found no probable cause to believe that Creggett's employer had engaged in any wrongful practice and dismissed the charge. The EEOC issued Creggett a right-to-sue letter on May 13, 2008, and dismissed the charge as failing to establish a violation.

On June 6, 2008, Creggett filed a complaint in federal district court alleging claims under Title VII and the Kentucky Civil Rights Act. He named as defendants the Jefferson County School District, its Director of Compliance and Investigations, and Fairdale High School's principal, Margaret Linda Brown. He filed an amended complaint on July 22, 2010, naming as a defendant only the Jefferson County School District (though he called it the Jefferson County Board of Education). On December 20, 2010, the school district moved for summary judgment. Creggett opposed the motion.

On October 19, 2011, the district court issued an opinion and separate order granting defendant's motion for summary judgment. The court stated that Creggett provided no direct evidence of discrimination; therefore, he was required to satisfy the burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The court determined that Creggett had failed to present a prima facie case under *McDonnell Douglas* because he did not show that he had suffered an adverse employment action. The district

court also determined that Creggett had failed to rebut as pretextual defendant's proffered explanations for Creggett's harsher punishment for breaching the school's confidentiality policy and the denial of professional training opportunities.

Creggett filed this timely appeal.

II

A

We review the district court's grant of summary judgment de novo. Reviewing the evidence in the light most favorable to the non-moving party, summary judgment should only be granted if there is no genuine issue as to any material fact, making the moving party entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

Creggett does not dispute the district court's determination that he did not present direct evidence of discrimination. Indeed, a review of the record shows that Creggett did not provide evidence that would allow a reasonable jury to determine, on that evidence alone, that he was a victim of discrimination. The evidence provided by Creggett is, at best, indirect evidence of discrimination. The burden lies on Creggett, then to show two things. First, he must make out a prima facie case of discrimination, which requires that he show: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was treated differently from similarly situated employees who were not within the protected class. *Harris v. Giant Eagle Inc.*, 133 F. App'x 288, 293 (6th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802). Creggett must have put forth enough evidence on each of the four parts for "a reasonable jury

to find [him] to have met the prima facie requirements." *Jones v. Potter*, 488 F.3d 397, 404–05 (6th Cir. 2007).

Only if Creggett satisfies the four-part test will the burden shift to the defendant to proffer a legitimate, non-discriminatory explanation for the adverse employment action he suffered. *Harris*, 133 F. App'x at 293. If the defendant does so, the burden shifts back to Creggett again to show that the defendant's legitimate, nondiscriminatory explanation is merely a pretext for unlawful discrimination. *Ibid.*

We agree with the district court that Creggett has proved parts (1) and (2) of his prima facie case. However, we also agree with the district court that Creggett has failed to put forth sufficient evidence that he suffered an adverse employment action.

An adverse employment action is defined in this circuit as "'a materially adverse change in the terms of [one's] employment.'" *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004) (en banc) (quoting *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)). Such a materially adverse action includes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 798 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (internal quotation marks removed). The employment action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461 (6th Cir. 2000) (internal quotation marks omitted); *see also id.* at 462 ("[D]e minimis" employment actions are not materially adverse and, thus, not actionable.").

Creggett has failed to show that he suffered a materially adverse change in the terms of his employment. First, he admits that he has never been fired, demoted, had his pay reduced, or had his benefits reduced. Creggett is still employed at Fairdale High School, and has not been demoted, suspended, lost any job responsibilities, or lost pay. Second, the arguments that he does make—he received a written reprimand for one incident; he was denied professional-training opportunities; he was forced to resign from the Fairdale School-Based Decision-Making Committee; he did not receive a promotion; and he was harassed with excessive classroom observations—do not, once examined, reveal more than *de minimis* employment actions, at best. We examine these claims in turn.

Creggett argues that he suffered an adverse employment action when he received a Form E-2 conference summary of a meeting he had with Brown, his principal. The meeting was about a "Behavior Log" Creggett had sent to faculty members that discussed behavior problems Creggett was having with certain students and the methods Creggett was using to improve behavior. The log used the students' full names, phone numbers, and excerpts of confidential discussions between Creggett and the students' parents, in violation of the Family Educational Rights and Privacy Act (FERPA), which was the professional code of ethics for Kentucky certified personnel, and Fairdale's confidentiality policy. The meeting also addressed a student disciplinary referral Creggett had written, in which he claimed that the student had called him a "black nigger." Creggett had admitted during the parent–teacher conference on the incident that the student had not used the slur, but actually called him a "racist." Making a false or exaggerated statement on a referral also violates

the Professional Code of Ethics. Brown had a meeting with Creggett about these two incidents. She stated in her affidavit that Creggett became angry and defensive.

After the meeting, Brown decided not to punish Creggett, but instead to issue him a Form E-2. The Form E-2 summarized the meeting Brown had with Creggett. Brown stated, in a letter to Cheryl Richards, Jefferson County School District's Director of Compliance and Investigations, that the Form E-2 "has several uses[:] as a pre and post evaluation conference summary or as a general summary of a due process meeting including the issuance of a directive making explicit the desired outcome or behavior." Brown stated that Creggett would have had the option, per his union contract, to grieve the E-2 if he disagreed with what was written; however, she stated that the Form E-2 was "not a formal reprimand." Brown stated, in her letter to Richards, that she initially thought she would issue Creggett a written reprimand regarding the referral, for which she stated she had ample grounds. However, she ultimately decided that the Form E-2 would be sufficient.

Creggett argues that the Form E-2 was an adverse employment action. Because the union contract provided for a grievance process, Creggett argues that the Form E-2 is a written reprimand and should be viewed as an adverse employment action.[1] A Form E-2 and a written reprimand, Creggett argues, are "in essence . . . the same."

Viewing the evidence in the light most favorable to Creggett, we assume that the Form E-2 is a written reprimand. However, Creggett has still failed to show that it was an adverse

---

[1]In fact, Creggett made use of these grievance procedures for a second E-2 he received on February 24, 2009, when Creggett and a student had an argument in the school hallway. The decision noted that Creggett was the only witness to testify and that his characterization of the events had to be credited as "the most competent and reliable evidence".

employment action. A written reprimand, without evidence that it led to a materially adverse consequence such as lowered pay, demotion, suspension, or the like, is not a materially adverse employment action. *Lahar v. Oakland Cnty.*, 304 F. App'x 354, 357–58 (6th Cir. 2008); *Bhatti v. Trs. of Boston Univ.*, 659 F.3d 64, 73 (1st Cir. 2011); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009); *Semsroth v. City of Wichita*, 304 F. App'x 707, 719 (10th Cir. 2008); *Sebastian v. A Technical Advantage, Inc.*, No. 3:10-CV-00483-TBR, 2011 WL 3360657, at *3 (W.D. Ky. Aug. 4, 2011).

Finally, even assuming that Creggett did make out an adverse employment action with regard to the Form E-2, he has failed to show pretext. Creggett argues that Brown's decision to issue him the Form E-2 was discriminatory because two female teachers had also violated Fairdale's confidentiality policies and they did not receive a Form E-2. Instead, they received only verbal reprimands. Defendant argues, however, that Creggett's violation of confidentiality was significantly more severe. The female teachers only used a student name in emails to faculty; they did not include phone numbers, notes from parent–teacher conferences, and they did not state, as Creggett's Behavior Log did, that there would be "more to come." To prove that defendant's nondiscriminatory explanation was a pretext, Creggett must show that "(1) the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the action], or (3) that they were insufficient to motivate the [action]." *Grain v. Trinity Health*, 431 F. App'x 434, 451 (6th Cir. 2011) (internal quotation marks omitted). Creggett has not offered any evidence to show that Brown's reasons for issuing him a Form E-2 were pretextual.

Next, Creggett argues that he suffered an adverse employment action when he was denied professional-training opportunities. He cites two instances of such denial: first, Creggett mentioned a two-week training in Germany that he asked to attend; however, Brown would not allow him to go because the school did not have the funds to pay for a substitute in his absence. Second, he was invited by a teacher at Fairdale, Frances Ramey, to take her spot at a conference in Salt Lake City, Utah. She could not attend for financial reasons, so she offered Creggett her spot. He accepted. However, according to Creggett's deposition, Brown decided to "cancel the slot" at the conference when she learned Ramey could not attend, and told Ramey, "[D]on't even worry about filling the slot with Mr. Creggett." Fairdale made arrangements to pay for Ramey to go as originally planned, and she reclaimed the slot. Creggett was unsure about the number of teachers who went to the Salt Lake City conference or what the conference's subject was.

Creggett has failed to establish that either failure to provide training was an adverse employment action. Creggett has proffered no evidence to suggest that either training was required or that failure to attend the training would result, or has resulted, in any demotion, loss of pay, loss of responsibility, or other materially adverse effect. In fact, he testified to the contrary. Without evidence of this sort, mere denial of a supplemental training, even if other employees were allowed to attend the training, is not an adverse employment action. *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 768 (6th Cir. 2008) ("Defendant's failure to provide plaintiff with extra training does not constitute an adverse employment action.").

Moreover, the defendant gave a legitimate, nondiscriminatory reason for denying Creggett the opportunity to go on these trainings. Brown stated in her supplemental affidavit that Ramey, an

African-American woman, was chosen to go on the trip because she was a newer teacher. The trip was specifically targeted at new teachers within their first years of employment. Brown stated that Ramey was not authorized to ask other teachers if they would like to take her slot. Brown stated that she did not cancel Ramey's slot when she told Brown she could not afford to attend. She instead made arrangements so that Ramey could attend. Creggett has failed to offer evidence rebutting this reason as pretextual.

Creggett's third argument for an adverse employment action is that he was "forced" to resign from the Fairdale School-Based Decision-Making Committee. This argument also fails. Creggett clearly stated in his deposition that he independently decided to resign from the committee, and stated that no one ever asked him to resign or indicated that they wanted him to resign. A voluntary, uncoerced decision to resign a committee position cannot be considered an adverse employment action.

Creggett next argues that he was "snubbed" for a temporary promotion. Creggett did not apply for a promotion, however. The "promotion" he refers to was an interim position created when an assistant principal left the school in 2002. Creggett testified that another teacher was asked to fill this position for a period of one to three weeks. The teacher went back to his teaching position after this brief interlude. Creggett argued below that, because he was not asked to fill in, he was denied the opportunity to assume this temporary position.

Creggett was not materially affected by not being asked to be an assistant principal for three weeks. He admitted that he did not lose pay, benefits, or rank. Moreover, he offered no evidence that he applied for or was qualified for the interim position. This is, at most, the type of "*de*

*minimis*" employment action that this circuit has specifically stated is not actionable. *Bowman*, 220 F.3d at 461.

Finally, Creggett argues that he suffered an adverse employment action when department chair Joe Phelps engaged in "frequent and unnecessary classroom observations" of Creggett's class. Again, Creggett has failed to show any materially adverse effect from these observations: Phelps was entitled to observe his class, he only observed for brief periods of about ten minutes, the evaluations were not formal, he did not give feedback, and when Creggett asked Phelps to stop observing his class, Phelps stopped. Moreover, Creggett testified that Phelps "has the right" to observe his classroom. A brief, informal classroom observation by one entitled to observe, that results in no adverse consequences or penalties, is hardly an adverse employment action.

For these reasons, Creggett has failed to satisfy his burden of proving discrimination by the defendant.

B

Creggett also argues on appeal that the district court erred when it granted the defendant's motion to dismiss his hostile-work-environment and retaliation claims. However, Creggett has also failed to put forth a prima facie case for either claim. We examine each in turn.

A plaintiff may prove a violation of Title VII by proving that his employer's unlawful discrimination has created a hostile work environment. *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999). A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v.*

*Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). To prove a hostile work environment, a plaintiff must show that "(1) [he] is a member of a protected class, (2) [he] was subject to unwelcomed harassment, (3) the harassment was based on the employee's protected status, (4) the harassment created a hostile work environment." *Williams*, 187 F.3d at 560. The test has both a subjective an objective component. The plaintiff must show not only that he "subjectively perceive[d] the environment to be abusive," but that a "reasonable person would find the environment objectively hostile." *Id.* at 568.

Creggett has failed to show that he was subject to harassment or that any such harassment rose to the level of a hostile work environment. Harassment creates a hostile work environment only when both an objective and subjective test are met—the conduct must be "severe and pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive." *Id.* at 850–51. Creggett rests his argument purely on the subjective part of the test—he argues that he felt compelled to resign from the Fairdale School-Based Decision-Making Committee, for example, and he felt shunned and avoided by Brown. However, the record is devoid of evidence that a reasonable person would have found Creggett's work environment to have been hostile or abusive. Creggett's hostile-work-environment claim must fail.

## C

Similarly, Creggett has failed to make out a claim of retaliation. To prove retaliation under Title VII, a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse," such that a reasonable person would be dissuaded from making a charge of

discrimination. *McNeill v. U.S. Dep't of Labor*, 243 F. App'x 93, 99 (6th Cir. 2007). Creggett admits that all the conduct he deems to have been materially adverse occurred *before* he filed his complaint with the EEOC. The only "materially adverse" action Creggett suggests happened in retaliation for his engaging in the protected activity of filing a complaint was Brown "shunning and avoiding" him. Creggett's perception that Brown shunned and avoided him is not a materially adverse action. *See, e.g.*, *Sebastian*, 2011 WL 3360657, at *3.

III

For the foregoing reasons, the judgment of the district court is AFFIRMED.